UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Timothy D. Kidd, Candace Powell, Jessica Kovacs, Tim Fausz, and Kem Plummer,** | : | **CASE NO:** 1:12-cv-00157 |
| **Individually and on behalf of all those similarly situated,** | : | **JUDGE:** |
| c/o Minnillo & Jenkins Co., LPA | : | |
| 2712 Observatory Avenue | | |
| Cincinnati, OH 45208 | : | |
| | : | |
| **Plaintiffs** | | **COMPLAINT WITH** |
| | : | **JURY DEMAND** |
| vs. | | |
| | : | |
| **Rally's of Ohio, Inc.** | | |
| c/o CSC Lawyers Incorporating Service | : | |
| (Corporation Service Company) | | |
| **50 West Broad Street** | : | |
| **Suite 1800** | | |
| **Columbus, OH  43215** | : | |
| **Defendants.** | : | |

Plaintiffs Timothy Kidd, Candace Powell, Jessica Kovacs, Tim Fausz, and Kem Plummer, individually, and on behalf of all others similarly situated, for their Complaint against Defendant state as follows:

## I. PRELIMINARY STATEMENT

1.      Plaintiffs, non-exempt employees of Defendant as defined by the Fair Labor Standards Act of 1938 (FLSA or the Act), bring this action against Defendant because they were unlawfully denied minimum wages and overtime pay in violation of the Act for hours worked in the Defendant's fast food restaurants.  Defendant routinely required that employees perform work off the clock, required employees to remain on-call on the premises, and altered

employees' time records in a deliberate effort to avoid paying minimum wages and overtime pay as required by the Act, 29 U.S.C. § 201 et seq., and Title 29 of the Code of Federal Regulations.

2. Upon information and belief, from approximately 2009 through at least January 2012, Defendant Rally's of Ohio, Inc. ("Rally's") knowingly, purposefully, and willfully maintained policies and practices, more fully described herein, which resulted in a failure to pay minimum wage and overtime pay to its non-exempt employees. Rally's Shift Managers and Crew Members were routinely required to work off the clock or required to be on the premises and on-call and were never paid for those hours worked. This was accomplished by requiring Shift Managers and Crew Members to clock out and continue working, and by requiring them to clock out and remain on the property and available for work (on-call) without including such times in the employees' hours worked. In addition, Rally's managers changed employee time records to prevent employees from receiving overtime pay to which they were lawfully entitled. Upon information and belief, these practices and policies existed at all of the several retail fast food restaurants known as "Rally's" owned and operated by Defendant throughout the Greater Cincinnati Metropolitan and surrounding areas.

3. Redress sought by Plaintiffs includes unpaid wages and unpaid overtime pay for the three years preceding the filing of this Complaint, liquidated damages in an equal amount, injunctive relief, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §215. This action is filed as and intended to be a "collective action" as authorized by the Fair Labor Standards Act. Federal jurisdiction is invoked in this instance to secure protection and to

redress deprivations of rights under the statutes of the United States, specifically including the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

5. The actions complained of herein occurred within the Western Division of the Southern District of Ohio; accordingly, venue with this Court is appropriate.

### III. PARTIES

6. Plaintiff Timothy Kidd is a citizen of the United States who resides in Hamilton County, Ohio. Plaintiff Kidd was employed by Defendant as a Crew Member from approximately June through October 2011.

7. Plaintiff Candace Powell is a citizen of the United States who resides in Hamilton County, Ohio. Plaintiff Powell was employed by Defendant as a Crew Member from February 2011 through August 2011, was rehired by Defendant in January, 2012 and is currently employed by Defendant.

8. Plaintiff Jessica Kovacs is a citizen of the United States who resides in Hamilton County, Ohio. Plaintiff Kovacs has been employed by Defendant as a Crew Member since approximately November 2010 through the present.

9. Plaintiff Tim Fausz is a citizen of the United States who resides in Hamilton County, Ohio. Plaintiff Fausz was employed by Defendant first as a Crew Member and then as an hourly Shift Manager from 2009 through August 2011.

10. Plaintiff Kem Plummer is a citizen of the United States who resides in Clermont County, Ohio. Plaintiff Plummer was employed by Defendant first as a Crew Member and then as an hourly Shift Manager from 2002 through August 2011.

11. Defendant Rally's is a for-profit Ohio Corporation first registered with the Ohio Secretary of State in 1989. Rally's was and is Plaintiffs' employer within the meaning of 29

U.S.C. § 203(d). Rally's is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). These violations of the FLSA alleged herein took place at establishments under the ownership or control of Rally's.

## IV. STATEMENT OF FACTS

12. Throughout the relevant time period, Rally's required its Salaried Area Manager(s), District Manager(s), General Manager(s) and non-exempt Shift Manager(s) to control costs by limiting the time recorded by non-exempt employees regardless of the actual number of hours worked.

13. The effect of this policy was to limit non-exempt employees to 40 hours or less per week of recorded work time, regardless of actual hours worked, specifically including but not limited to the following instances:

    a. Plaintiff Tim Kidd was a minimum wage employee while employed at Rally's. Mr. Kidd was regularly required to clock out and continue working. "If you won't work off the clock, then we don't need you" were the words General Manager Monica Scales used to drive this home to Mr. Kidd. Mr. Kidd was also required to clock out and remain on the property following the close of business. On several occasions, Mr. Kidd was required to clock out from 7 p.m. until 8:30 or 9 p.m., while required to work throughout that time. General Manager Monica Scales required Mr. Kidd to stay past closing (3 a.m.) and clocking out time (4 a.m.) until all work by other employees was complete. Mr. Kidd was told that working off the clock was to keep labor costs to a minimum at Rally's. General Manager Monica Scales said, "If my labor's high, you're fired." Mr. Kidd worked several weeks when his hours worked were over 40, but he was paid for only 39 hours. Upon questioning

GM Scales about the underpayment, he was told, "They didn't approve your overtime."

  b. Plaintiff Candace Powell is a minimum wage employee at Rally's. During the relevant time Ms. Powell was repeatedly directed by General Manager Scales to clock out and continue working. Ms. Powell was told by her manager that, "Candy our labor's high, so you need to clock out." Ms. Powell resisted working off the clock, but she was told that if she left the establishment after clocking out she would lose her employment. Ms. Powell initially acceded to her managers' demand and worked off the clock. Later, Ms. Powell tried to refuse only to find that her manager had clocked her out while she was working. Ms. Powell was also required to clock out and remain at the establishment on-call until being told to clock back in. In the month of May 2011, Ms. Powell worked six or seven days every week, at least seven hours a day. Her paychecks for May 2011 consistently reflected less than the hours she worked. Ms. Powell worked at the Rally's in Milford during the 2011 Frontier Days Festival. Ms. Powell worked 40 hours that week, and was paid for only 36. Ms. Powell recalls that in either June or July 2011 she ended a pay period with 40 hours and 15 seconds of time worked reflected in her time records. Ms. Powell subsequently checked her time records and found that her records had been falsely revised to reflect only 39.75 hours of work.

  c. Plaintiff Jessica Kovacs is a minimum wage employee at Rally's. During the relevant time period Ms. Kovacs was regularly required to stay at Rally's past the required clock-out time of 4 a.m. while "off the clock." Ms. Kovacs was required to work off the clock or wait for other employees to finish their work, but

5

she was not permitted to leave and she was not compensated for such hours worked. Ms. Kovacs' recorded work time was falsely revised. In 2011, while working at the Milford, Ohio Rally's, Ms. Kovacs recorded approximately 42 hours in a work week. Upon examination of her time records the next day, her weekly total had been modified and reflected only 37 hours worked. When Ms. Kovacs discovered the discrepancy and brought it to the Shift Manager's attention, she was told the pay reports had already "gone to corporate" and could not be corrected.

 d. Plaintiff Tim Fausz was also regularly required to stay past 4 a.m. while off the clock and performing work as a nonexempt hourly Shift Manager. On October 13, 2010, Mr. Fausz worked as a Shift Manager at the Milford, Ohio Rally's. Mr. Fausz reported to work at 8 a.m. to prepare for opening. He had only three hours to work before he would go over 40 hours for the pay period. He notified both District Manager Mark Bodwell and General Manager Angela West that he could only work three hours before incurring overtime. Both managers instructed Mr. Fausz to clock out at 11 a.m., as they would not approve his overtime. They also instructed him, to continue working "off the clock" until his relief showed up. His relief did not arrive until 6 p.m. Mr. Fausz was told by both Bodwell and West that if he left the Milford location without a Shift Manager, he would be fired. In January 2011, Mr. Fausz worked at Rally's Lower Fairmont location where his time sheet was falsely revised to reflect two hours less than he actually worked. Mr. Fausz was repeatedly called at his home and required to return to the store by the oncoming Shift Manager. During these times he was required to work off the clock. The net result for Mr. Fausz is that from 2009 through 2011 he was repeatedly denied overtime pay.

      e.      Plaintiff Kem Plummer worked her last four years for Defendant as an hourly, non-exempt, Shift Manager. As a closing Shift Manager she was required by her manager, General Manager Monica Scales, to be off the clock at 4 a.m. (one hour after closing the restaurant) regardless of whether the night's work was complete. The closing Shift Manager's responsibilities could not be finished by 4 a.m. most nights, so Ms. Plummer was required to clock out and keep working. Ms. Plummer was told that if she didn't work off the clock, she would suffer disciplinary action and dismissal. The net result of Defendant's practices and policies was that Ms. Plummer worked over 40 hours nearly every week during the last two years of her employment with Rally's and was never paid overtime pay for her hours worked over forty hours per work week.

14.    The strict enforcement of the Defendant's 40 hour per week limit on recorded time resulted in hourly Crew Members and Shift Managers, including but not limited to these identified Plaintiffs, working off the clock and suffering false revisions of time records in order to maintain their employment with the Defendant. Crew Members and Shift Managers were thus denied minimum wages and overtime pay, contrary to the provisions of the FLSA. Each of the Plaintiffs named herein was denied wages for hours worked as addressed in 29 U.S.C. § 206, including but not limited to the on-call provisions in 29 C.F.R. § 785.17. Each of the Plaintiffs named herein was denied overtime pay for hours worked in excess of 40 hours as addressed in 29 U.S.C. § 207(a)(1).

15.    The time limitations were enforced by the Salaried Area Manager(s), District Manager(s), and General Manager(s) through adverse actions including but not limited to coercion, threats of termination, retaliation by reducing or eliminating reluctant employees' work

schedules, and false revisions to non-exempt employees' time records.  The coercion included false disciplinary write-ups, verbal abuse and belittlement in front of other employees and the public, as well as both threatened and actual reductions in the non-exempt employees' scheduled hours for subsequent work schedules.

16. Defendant was aware of the work being performed off the clock and the false revisions being made to time records.

17. Defendant allowed or instructed its Managers to continue to enforce the 40 hour limit as described above.

## V.  STATEMENT OF CLAIMS

### COUNT ONE

18. Plaintiff repeats and reiterates paragraphs 1 through 17 as if fully rewritten herein.

19. Defendants' denial of minimum wages and overtime pay for hours worked in excess of 40 hours per workweek violates the FLSA, including but not limited to the minimum wage provisions of 29 U.S.C. § 206, the on-call provisions in 29 C.F.R. § 785.17, and the overtime provisions of 29 U.S.C. § 207(a)(1).

20. Plaintiffs are entitled to recover from Defendant an appropriate amount for all hours worked, and overtime pay for all hours worked in excess of 40 hours per workweek during the period beginning two years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

21.	Plaintiff repeats and reiterates paragraphs 1 through 20 as if fully rewritten herein.

22.	Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that Plaintiff is entitled to recover from Defendant an appropriate amount for all hours worked, and overtime pay for all hours worked in excess of 40 hours per workweek during the period beginning three years prior to the commencement of this action together with liquidated damages in an amount equal thereto and attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT THREE

23.	Plaintiff repeats and reiterates paragraphs 1 through 22 as if fully rewritten herein.

24.	Plaintiff is entitled to appropriate equitable relief pursuant to 29 U.S.C. § 216(b), including without limitation an order enjoining Defendants from retaliating against Plaintiffs or any other non-exempt employees who may join in this action or have sought or requested payment in accordance with applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all other similarly situated employees of Rally's of Ohio, Inc. who elect to opt-in to this FLSA action as described with particularity in 29 U.S.C. § 216(b) demand judgment against the Defendant as follows:

1.	An award of unpaid wages and overtime pay and liquidated damages thereon consistent with the provisions of the Fair Labor Standards Act;

2.	An award of Plaintiff's reasonable attorney's fees and costs;

3.	Such other relief which in law and equity is appropriate under the premises.

Respectfully submitted,

MINNILLO & JENKINS, Co. LPA

*/s/ Niroshan M. Wijesooriya*
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
NIROSHAN M. WIJESOORIYA (Ohio Bar No. 0079780)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Telephone (513) 723-1600
Telecopier (513) 723-1620
cjenkins@minnillojenkins.com

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Niroshan M. Wijesooriya*
NIROSHAN M. WIJESOORIYA (Ohio Bar No. 0079780)