**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY KIDD, et. al,** | : | **CASE NO: 1:12CV00157** |
| Plaintiffs, | : | **JUDGE BARRETT** |
| vs. | : | **ORDER GRANTING PRELIMINARY APPROVAL OF** |
| **RALLY'S OF OHIO, INC., et. al,** | : | **FAIR LABOR STANDARDS ACT COLLECTIVE ACTION** |
| Defendants. | : | **SETTLEMENT AGREEMENT** |

WHEREAS, the Plaintiffs Timothy Kidd, Candace Powell, Jessica Kovacs, Tim Fausz, and Kem Plemmer, individually and on behalf of the conditionally certified opt-in Class (collectively, the "Plaintiffs"), and Defendants Rally's of Ohio, Inc. and Checkers Drive-In Restaurants, Inc. (collectively, the "Defendants") have entered into a Settlement Agreement intended to resolve the litigation pending in this Court; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of these actions against the Defendants; and

WHEREAS, the Court has before it the Parties' Joint Motion for Preliminary Approval of Settlement and Memorandum in Support of Motion for Preliminary Approval of Settlement, the proposed Notice to the Opt-In Plaintiffs, the Declaration of Christian A. Jenkins, and the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

IT IS HEREBY ORDERED this 11th day of March, 2014, as follows:

1.	The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Fairness Hearing provided for below.

2.	The Settlement Agreement between Defendants and Plaintiffs is adopted by the Court and made part of this Order as if set out in full herein.

3.	The Settlement Agreement and the terms contained therein are hereby preliminarily approved as fair, reasonable and adequate.

4.	The Court approves the proposed method of dissemination of notice set forth in Section D of the Settlement Agreement. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances.  Subject to amendment if the need arises, the Notice Plan shall be initiated within ten (10) business days of this Preliminary Approval Order and executed as set forth therein.

5.	Plaintiffs' Counsel is authorized to retain Class Action Administration, Inc. as the Third Party Settlement Administrator to implement the Notice Plan and disseminate Notice to the Opt-In Plaintiffs in accordance with the terms of the Settlement Agreement and this Order.

6.	The Opt-In Plaintiffs may opt-out of the Settlement Agreement by submitting a written request for exclusion to the Settlement Administrator.  The request for exclusion must be postmarked no later than thirty (30) days after the Notice Date and must include the individual's name, current mailing address, and a statement of the individual's intention to opt-out of the Settlement.  Either the Opt-In Plaintiff, or a representative who has legal authority to sign for the Opt-In Plaintiff, must sign the written request for exclusion.

7.	Any Opt-In Plaintiff who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement must mail to the Settlement Administrator, postmarked no later than thirty (30) days after the Notice Date, a signed letter containing the Opt-In

Plaintiff's name, current address, and the specific reasons why he or she objects to the Settlement (including any legal authorities).  The letter must also state whether the Opt-In Plaintiff intends to appear at the Fairness Hearing, and if so, must contain any legal support the Opt-In Plaintiff wishes to bring to the Court's attention and any evidence the Opt-In Plaintiff wishes to introduce in support of the objection, as well as identify any documents he or she will seek to introduce or witnesses he or she intends to call at the Fairness Hearing.

8. Any Opt-In Plaintiff who files and serves a written objection in accordance with the procedure set forth above and in the Section D of the Settlement Agreement may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness or adequacy of the Settlement Agreement.  An Opt-In Plaintiff who does not timely file such a written objection shall not be heard at the Fairness Hearing.

9. Any Opt-In Plaintiff who does not properly and timely request exclusion from the Settlement shall waive and forfeit any and all rights the Opt-In Plaintiff may have to opt-out.

10. The Fairness Hearing shall take place on June 13, 2014 at 10:00 a.m. in Courtroom 9, 100 East Fifth Street, Cincinnati, Ohio 45202.  At the Final Settlement Hearing, the Parties will request that the Court, among other things, (a) enter Judgment in accordance with this Agreement, (b) approve the Settlement Agreement as final, fair, reasonable, adequate, (c) approve the Incentive Awards proposed for the Named Plaintiffs pursuant to Section F of the Settlement Agreement, (d) order the Settlement Administrator to process and pay all Opt-In Plaintiffs, and (e) order the release of the Opt-In Plaintiffs' claims pursuant to Section E of the Settlement Agreement.  Plaintiffs' Counsel will also request that the Court approve the payment of their reasonable attorneys' fees and expense reimbursements, to be paid by Defendants.

Defendants may oppose such a request. Plaintiffs shall file their motion for attorneys' fees and expense reimbursement no later than 25 days after the Notice Date.

**IT IS SO ORDERED**.

Dated:  March 11, 2014

                                                    */s/ Michael R. Barrett*
                                                    The Honorable Michael Barrett
                                                    United States District Judge