# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY KIDD, et. al,** | : | **CASE NO: 1:12CV00157** |
| **Plaintiffs,** | : | **JUDGE BARRETT** |
| vs. | : | |
| **RALLY'S OF OHIO, INC., et. al,** | : | |
| **Defendants.** | : | |

## ORDER GRANTING FINAL APPROVAL
## OF FLSA OPT-IN SETTLEMENT

WHEREAS, the Plaintiffs Timothy Kidd, Candace Powell, Jessica Kovacs, Tim Fausz, and Kem Plummer, individually and on behalf of a conditionally certified opt-in Class, and Defendants Rally's of Ohio, Inc. ("Rally's") and Checkers Drive-In Restaurants, Inc. ("Checkers") have entered into a Settlement Agreement intended to resolve the litigation pending in this Court; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action; and

WHEREAS, the Court previously reviewed and granted the Parties' Joint Motion for Preliminary Approval of Settlement and was satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants and that the terms of the Settlement, including the issuance of notice to the Opt-In Plaintiffs, were fair, reasonable, adequate; and

WHEREAS, the Court conducted a Fairness Hearing on June 13, 2014, at 10:00 a.m. during which Plaintiffs' Counsel presented additional information about the implementation of the settlement; IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 13th day of June, 2014, as follows:

1. The Court has jurisdiction over the subject matter of this Action and may grant final approval of the Settlement Agreement, including all Exhibits to the Settlement Agreement. 28 U.S.C. § 1331. The Court also has personal jurisdiction over the Plaintiffs and Defendants.

2. This Order Granting Final Approval of FLSA Opt-In Settlement ("Order") incorporates by reference the definitions in the Settlement Agreement filed in this action as Exhibit A to docket entry 67, and all capitalized terms used herein that also appear in the Settlement Agreement shall have the meanings set forth in the Settlement Agreement.

3. The Court grants final approval to the Settlement, as set forth in the Settlement Agreement, as it is fair, reasonable, and adequate, consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of the Court, and is in the best interests of each of the Parties.

4. As evidenced by the Declaration of Jason Dekdebrun, (hereinafter "Dekdebrun Declaration"), a Senior Analyst at Class Action Administration, Inc., the Third Party Settlement Administrator, the Notice and other elements of the Notice Program were directed to the Opt-In Plaintiffs in accordance with the Court's March 11, 2014 preliminary approval order [Doc. 70] and the Settlement Agreement, and (1) constituted the best practicable notice under the circumstances; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Opt-In Plaintiffs of the pendency of the Action, the terms of the proposed Settlement

Agreement, the available relief, the release of their claims, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; (3) were reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the United States Constitution (including the Due Process Clause), the Federal Rules of Civil Procedure and the Rules of the Court.

5. The Plaintiffs include (a) the Named Plaintiffs who filed the lawsuit (Timothy Kidd, Candace Powell, Jessica Kovacs, Tim Fausz, and Kem Plummer), and (b) the Opt-In Plaintiffs.

6. Plaintiffs' Counsel and the Named Plaintiffs adequately represented the best interests of the Plaintiffs for purposes of negotiating, entering into, and implementing the Settlement.

7. The Court directs the Parties and their counsel to further implement and consummate this Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order. Within seven (7) days following the Effective Date, *i.e.*, when Finality is achieved, Defendants will provide to the Third Party Settlement Administrator a check or electronic funds transfer in the amount of $500,000.00 ("Settlement Payment"), less any expenses previously paid by Defendants to the Third Party Settlement Administrator to cover the cost of issuing the notice.

8. The Third Party Settlement Administrator is ordered to issue settlement checks to the Participating Plaintiffs from the Settlement Fund in accordance with the procedures in the Settlement Agreement, and in accordance with the formula proposed by Plaintiffs' Counsel in the Joint Motion for Preliminary Approval, which formula is hereby approved as fair, reasonable, and adequate.

9. Defendants' Settlement Payment shall constitute full and final satisfaction of any and all claims of the Plaintiffs to the Settlement Fund; and the Defendants shall have no further

responsibility for, and no liability whatsoever with respect to, the calculation of the amount to which each Plaintiff may be entitled, the allocation of the Settlement Fund(s), and/or the disbursement or delivery of Settlement Funds to any Plaintiff, or to any other person or entity who may assert any claim to Settlement Funds.

10. The Settlement Agreement provides that Plaintiffs' Counsel will apply to the Court for contribution awards for the five Named Plaintiffs of up to $2,000 each. Having reviewed Plaintiffs' Motion For Attorneys' Fees, Costs, and Contribution Awards [Doc. 74], Plaintiffs' request for a contribution award for each of the Named Plaintiffs is hereby approved, and the Third Party Settlement Administrator is ordered to pay a contribution award from the Settlement Fund of $2,000 each to Plaintiffs Timothy Kidd, Candace Powell, Jessica Kovacs, Tim Fausz, and Kem Plummer. The Named Plaintiffs also shall be entitled to their Settlement Check.

11. Each and every Participating Plaintiff who timely cashes, deposits, or otherwise endorses and negotiates their Settlement Check shall be conclusively and forever bound by the Settlement Agreement. The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings as to these Plaintiffs as to all the Released Claims. Plaintiffs' Counsel shall file a list of all Plaintiffs who timely negotiated their Settlement Check with Court no later than 90 days following the mailing date of the Settlement Checks.

12. The release contained in Paragraph E of the Settlement Agreement is incorporated into this Order and shall become effective when Finality is achieved. Accordingly each and every Participating Plaintiff who cashes, deposits, or otherwise endorses and negotiates his or her Settlement Check hereby is deemed to have compromised, settled, and released each and every Released Claim against the Defendants, as set forth in the Release.

13. This Action and every Released Claim is hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement and as adopted and ordered by the Court in this Order.

14. Without affecting the finality of this Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

15. There were no timely objections to the Settlement, and no Opt-In Plaintiffs opted-out of the Settlement.

16. Having reviewed Plaintiffs' Counsel's Motion and Memorandum For Approval of Attorneys' Fees, Costs, and Contribution Awards [Doc. 74], and based upon all previous filings in this action, the Court concludes and orders as follows: Plaintiffs' Counsel is hereby entitled to an award of $290,000 in attorneys' fees.  The Court hereby approves as reasonable the following hourly rates for Plaintiffs' Counsel and their administrative staff:

| Goldenberg Schneider, LPA | Hourly Rate |
|---|---|
| Jeffrey S. Goldenberg (A) | $400 |
| Todd B. Naylor (A) | $375 |
| Robert B. Sherwood (A) | $325 |
| Stephanie Vaaler (PL) | $95 |
| Cheryl Pence (LA) | $50 |

| Minnillo & Jenkins Co. LPA | Hourly Rate |
|---|---|
| Christian A. Jenkins (A) | $400 |
| Niroshan Wijesooriya (A) | $300 |
| Amy E. Gullifer (A) | $300 |
| John R. Sheldon (PL) | $95 |
| Joann Johnson (PL) | $95 |
| Bryant Strayer (LC) | $75 |
| Legal Assistants | $50 |

17. Furthermore, having reviewed Plaintiffs' Counsel's Motion and Memorandum For Approval of Attorneys' Fees, Costs, and Contribution Awards [Doc. 74], and based upon all previous filings in this action, the Court concludes and orders as follows: Plaintiffs' Counsel is hereby entitled to $13,514.21 in cost reimbursement for costs reasonably expended in this action.

18. The attorneys' fees and costs authorized and approved immediately above by this Order shall constitute full and final satisfaction of any and all claims that Plaintiffs and each of their respective attorneys, may have or assert for reimbursement of fees and costs; and Plaintiffs and each of their respective attorneys shall not seek or demand payment of any additional fees and costs or payments.  The attorneys' fees and expenses approved by the Court shall be paid by Defendants in a timely manner pursuant to Section H of the Settlement Agreement.

19. Plaintiffs' Counsel and the Third Party Settlement Administrator shall comply with the provisions of section G(8) of the Settlement Agreement, which relates to un-claimed settlement payments.

20. This Order adjudicates all of the claims, rights and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable.

**IT IS SO ORDERED**.

Dated:     June 13, 2013

      */s/ Michael R. Barrett*
The Honorable Michael Barrett
United States District Judge